## HILL v. BRAMALL.

September 17, 1836.

*Motion for a judgment for want of an affidavit of defence.*

*Scire facias* on a mechanic's claim.  An *affidavit* of defence under the 2d section of the act of the 28th of March 1835, merely alleged that the defendant " never contracted with the plaintiff in any way whatever."  *Held*, that the *affidavit* did not disclose a defence ; and being defective, judgment was rendered for the plaintiff.

THIS was a *scire facias* on a mechanic's claim.  The plaintiff had duly filed a copy of the claim.  The defendant filed an *affidavit* of defence, which was in these words : " that he has a just and true defence to the whole amount claimed by the plaintiff in the above suit.  The deponent never contracted *with the plaintiff in any way whatever,* and he firmly believes that the claim against him is wholly unauthorized by law."

*J. H. Campbell,* for the plaintiff, contended, that the *affidavit* was defective.  It did not allege facts sufficient to constitute a *defence.* A mechanic's claim may be good, although the owner, such as the present defendant, did not contract with the plaintiff.

*J. P. Norris, Jun., contra.*

PER CURIAM.—The act of the 28th of March 1835 requires the defendant to state in his *affidavit* " the nature and character" of his defence.  If his allegations of facts do not, in law, amount to a defence, judgment must be rendered against him.  (Knox *v.* Reeside, *ante, p.* 294.)  Here the defendant says that *he* never contracted with the plaintiff *in any way whatever.*  Whether this allegation would be sufficient in a personal action against him it is unnecessary to decide ; but this is a different kind of action.   It is not denied that the materials have been furnished to, and on the credit of, the building ; and the building may be liable, although the defendant did not contract with the plaintiff in any way whatever.   This is decided in Savoy *v.* Jones, 2 *Rawle* 343.

Judgment for plaintiff.